UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA HEALTH SCIENCES
CENTER, INC., d/b/a TAMPA
GENERAL HOSPITAL,

    Plaintiff,

v.                                      CASE NO.:  8:10-cv-2436-T-23MAP

KRISTY SCHWADE,

    Defendant,

v.

TOTAL PLASTICS,

    Third-Party Defendant.
_____/

**ORDER**

The plaintiff hospital sues the defendant to recover for unpaid medical bills for treatment of the defendant's child. (Doc. 2) The defendant sues the third-party defendant, her employer-operated medical plan, for coverage of her medical bills, pursuant to 29 U.S.C. § 1001 *et seq.* ("ERISA"). (Doc. 3) The third-party defendant removes (Doc. 1) and the plaintiff (Doc. 8) and the defendant (Doc. 9) separately move to remand. The third-party defendant responds in opposition. (Docs. 10 and 11)

The plaintiff and the defendant assert that, although the third-party claim arises under ERISA, "state courts have concurrent jurisdiction to determine ERISA claims regardless of ERISA's exclusive federal law concern." (Doc. 9) However, the issue on a

motion for remand is not whether a state court has jurisdiction but whether a federal court has jurisdiction.  The statute governing removal, 28 U.S.C. § 1441(b), states that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable . . . ."  Because the plaintiff's original claims against the defendant arise under state law, remand of those claims is discretionary.[1]

For example, in Carl Heck Engineers v. Lafourche Parish Police, 622 F.2d 133 (5th Cir. 1980),[2] a state court defendant sued an out-of-state third-party defendant for indemnity.  The third-party defendant removed.  Because the plaintiff and defendant were not diverse, the district court remanded the original complaint but retained the third-party claim.  The Fifth Circuit affirmed.

Similarly, in Charter Medical Corp. v. Friese, 732 F. Supp. 1160 (N.D. Ga. 1989), a hospital sued a patient in state court to recover for unpaid hospital bills.  The patient filed a third-party complaint against his employer's group health insurer, which removed the action.  The patient moved to remand but the court held that the patient's claim against the insurer was removable because the third-party complaint arose under ERISA.

---

[1] 28 U.S.C. § 1441(c) states that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

[2] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

The defendant's third-party complaint (Doc. 3) asserts a claim under ERISA, and no party contests the application of ERISA. The third-party defendant is entitled to remove the action.

The third-party defendant "urges this court . . . to retain jurisdiction of this *entire* case in the U.S. District Court." (Doc. 11, Page 13) Although the third-party defendant is entitled to remove the third-party complaint, remand of the state law claims in the original complaint is within the discretion of the district court. 28 U.S.C. § 1441(c). Davis v. Life Ins. Co. of Mississippi, 700 F. Supp. 323 (N.D. Miss. 1988), and Carl Heck Engineers v. Lafourche Parish Police, 622 F.2d 133, 136 (5th Cir. 1980), address removal by a third-party defendant subject to an indemnity claim. In each case the third-party claim was removable but the original claim was not. Each court confronted the choice of remanding only the original claim or retaining the entire action. Davis states:

> In this case, where the basic claim appears to depend upon the interpretation of one contract of insurance and the removable claim depends upon interpretation of a separate contract of reinsurance, very little in the way of judicial economy would be gained by the retention of the entire case in this court. The gain would not be enough to justify depriving the plaintiff of her choice of the forum in which she wished to pursue her claim against Life Insurance Company of Mississippi.

700 F. Supp. at 327. Carl Heck notes with approval that "the court severed the third-party action and remanded the main claim to state court so that removal does not defeat plaintiff's choice of forum." 622 F.2d at 136.

The plaintiff's motion to remand (Doc. 8) is **GRANTED** and the defendant's motion to remand (Doc. 9) is **DENIED**. The claims asserted in the original complaint (Doc. 2)

are **REMANDED** to the Circuit Court for Hillsborough County, Florida.  The claim by the defendant against the third-party defendant is **RETAINED**.  Schwade is designated as the plaintiff and Total Plastics is designated as the defendant.

ORDERED in Tampa, Florida, on January 20, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE